EAG:JG
F.#2010R00632

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 09 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SANJAY ANANDANI,
ROHIT ROHIT and
ANGEL ORTIZ,

        Defendants.

- - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 11 CR 763(CJG)
(T. 18, U.S.C., §§ 371,
2320(a), 2323(b)(1),
2 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Traffic in Counterfeit Goods)

1. On or about and between August 31, 2009 and October 6, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SANJAY ANANDANI, ROHIT ROHIT and ANGEL ORTIZ, together with others, did knowingly and intentionally conspire to traffic in goods, to wit: perfume, and knowingly use a counterfeit mark on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a).

2. In furtherance of the conspiracy and to effect the objects thereof, within the Eastern District of New York and

elsewhere, the defendants SANJAY ANANDANI, ROHIT ROHIT and ANGEL ORTIZ, together with others, did commit and cause to be committed, among others, the following:

OVERT ACTS

(a) On or about August 31, 2009, the defendant ANGEL ORTIZ transported a shipment of counterfeit perfume from New Jersey to Long Island City, New York.

(b) On or about October 2, 2009, the defendants SANJAY ANANDANI and ROHIT ROHIT caused a shipment of counterfeit perfume to be imported to the Howland Hook Marine Terminal in Staten Island, New York.

(c) On or about October 17, 2009, the defendants SANJAY ANANDANI and ROHIT ROHIT caused a shipment of counterfeit perfume to be imported to the Newark Seaport in Newark, New Jersey.

(d) On or about November 13, 2009, the defendants SANJAY ANANDANI and ROHIT ROHIT directed the defendant ANGEL ORTIZ to transport a shipment of counterfeit perfume from New Jersey to Queens, New York.

(e) On or about November 24, 2009, the defendants SANJAY ANANDANI and ROHIT ROHIT met with the defendant ANGEL ORTIZ in Pennsylvania and paid ORTIZ in exchange

for the return of counterfeit perfume ORTIZ had taken from ANANDANI and ROHIT.

(f) On or about May 8, 2010, the defendants SANJAY ANANDANI and ROHIT ROHIT caused a shipment of counterfeit perfume to be imported to Newark Seaport in Newark, New Jersey.

(g) On or about September 15, 2011, the defendants SANJAY ANANDANI and ROHIT ROHIT caused fragrance boxes bearing counterfeit marks to be imported to the United States.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Trafficking in Counterfeit Goods)

3. On or about October 2, 2009, within the Eastern District of New York and elsewhere, the defendants SANJAY ANANDANI and ROHIT ROHIT, together with others, did knowingly and intentionally traffic and attempt to traffic in goods, to wit: perfume, knowingly using a counterfeit mark on and in connection with such goods.

(Title 18, United States Code, Sections 2320(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendants charged in Counts One and Two that, upon conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1), which requires the forfeiture of: (i) any article, the making or trafficking of which is prohibited under Title 17, United States Code, Section 506; Title 18, United States Code, Sections 2318, 2319, 2319A, 2319B, 2320; or Chapter 90 of Title 18, United States Code; (ii) any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense referred to in subparagraph (i); or (iii) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense referred to in subparagraph (i), including but not limited to the following:

## SPECIFIC PROPERTY

(a) 12 cartons containing 4,600 boxes for fragrances, bearing counterfeit marks.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

4

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2323(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____   Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

SANJAY ANANDANI, ROHIT ROHIT, and ANGEL ORTIZ,
Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 2320(a), 2323(b)(1), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p)))

A true bill. _____  
                                                              *Foreman*

Filed in open court this ___ November 9 _____ day,

of _____ A.D. 2011 ___

_____  
                                                              *Clerk*

Bail, $ _____

*Jason N. Gull, Senior Counsel, DOJ-CCIPS [(202) 514-3240]*